UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 26-23 (DSD/SGE) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION TO DISMISS FOR** |
| v. | ) | **DUE PROCESS VIOLATIONS** |
| | ) | |
| KOREY CARROLL (3), | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \*

COMES NOW Defendant, Mr. Carroll, through counsel, the undersigned, and hereby moves this Court pursuant to LR 12.1, and Fed.R.Crim.P. 12(b), for an Order dismissing the Indictment as against Mr. Carroll, for violations of the Due Process Clause of the Fifth Amendment, and specifically for outrageous government conduct.

Prior to the date of the incident, elements of the federal government undertook a sweeping campaign to violate the rights of the residents of Minnesota for political reasons. *See* Doc. Nos. 41, 43 - 44, and 45, hereby incorporated by reference. On the date of the charged incident, January 14, 206, federal law enforcement engaged in a series of outrageous behaviors that were either designed to, or which a reasonable person would believe would lead to public outrage and destruction of property. Federal agents engaged in an illegal, unreasonably dangerous high-speed pursuit and crash, then shot into a family's home through a closed door, arrested several people illegally, and then later lied about it in federal court. The charges against those arrestees were dismissed because of the outrageous government conduct and subsequent perjurious testimony about the same.

1

Other federal agents then arrived and used excessive and unconstitutional force against the crowd that had gathered to observe the initial, illegal law enforcement actions. These agents advanced on the crowd, used excessive and unreasonable force, and so escalated the situation that FBI agents who came to investigate the shooting were forced to abandon their vehicles on North Lyndale Avenue.

Those vehicles were subsequently damaged, mostly by persons who the government has not identified or prosecuted. Mr. Carroll did not know the other persons present that evening, and did not share a common purpose, plan, scheme, or even political viewpoints with the protesters. Mr. Carroll was present throughout these events, videotaping them, interviewing people, and even having pleasant interactions with some law enforcement. Mr. Carroll was not a protester. His interest was in documenting for the public what was happening in Minnesota, without regard to political viewpoint. He live-streamed several hours that evening to his social media.

Carroll was accused initially of breaking the windshield of one of the vehicles, but subsequent video evidence revealed he did not. However, other evidence appears to show him damage one of the vehicles. Evidence also tends to indicate that after others broke open a lock box, Carroll picked up and kept a few law enforcement patches and other low-value items.

Because the Government's outrageous, violent, unlawful conduct induced the alleged destruction of property in this case, the Indictment should be dismissed, regardless of any predisposition or actions of the Defendant.

A court may dismiss an indictment on due process grounds for "outrageous"

2

misconduct by the government. *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991) (citing *United States v. Russell*, 411 U.S. 423, 431-32, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973)).  The level of outrageousness necessary to support a due process violation is high, as the government's conduct must shock the conscience of the court. *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993). Where the government conduct causes the crime, it violates due process, and fundamental notions of fairness and justice, to then allow the government to prosecute members of the public for the crime. The Court should dismiss this case for outrageous government conduct which is well documented in the public domain, as well as the records of recent, related cases before this Court (*see e.g. U.S. v. Aljorna, et al.* 26-mj-23 (PAM/DLM)), or hold an evidentiary hearing to determine whether facts sufficient to warrant such a disposition are present. *United States v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998).

## MEET AND CONFER

The Government opposes this Motion.

Respectfully Submitted,

**ANDREW IRLBECK LAWYER CHTD.**

Dated: March 16, 2026

/s/ Andrew M. Irlbeck
Andrew M. Irlbeck, #392626
First National Bank Bldg.
332 Minnesota St., Ste. W1610
St. Paul, MN 55101
Phone: 612-986-3895
Fax: 651-223-5179
andrew@irlbecklaw.com
ATTORNEY FOR DEFENDANT

3